NO. 05-307-K277B          711460-04

Ex Parte                § In The 277th Judicial
Robert Brown III        §
                        § District Court of
V                       §
                        § Williamson County
State of Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAR 11 2015
Abel Acosta, Clerk

# OBJECTION'S TO STATE'S MOTION
# TO SEAL

To The Honorable Court;

Now Comes, Robert Brown III TDC #139808 and request the Court to deny the State's Motion to Seal the police report for Williamson County ? Austin Police Dept.

## I

The State's primary assertion is that the reports hold sensitive data. Well all the data is known to me because Donita Bell was my fiancé, Quentin Monroe Austin Jr was my step-son ? Shirley Williams was my mother-in-law, Plus the date of birth's were stated on the record, The question would be why is the State now trying to invoke T.R.A.P 9.10(B?C) 11 years after the fact. Is it because they know now that I have a cognizable claim ? that the info I'm claiming is in those reports, The State Claims that Quentin has never made a nother claim of Indecency of a Child by contact before. I say that he has ? the Austin Police Dept holds that report.

1 of 3

If you refer to my trial Attorney (Russell Hunt Jr) pre-trial notes it states-Austin Police Dept-Officer Rhone-Deer Park Middle School = Quentin? 3 boys sexually assaulted @ school. So, that proves right there that a report exist somewhere. Then if you refer to (RR V-178) Donita testifies that Quentin comes home & says "Oh by the way MOM I was molested @ school today." Then refer to (RR VI-55) where Mr. Hunt talks to Quentin about good touches & bad touches regarding the Garren Kuhn incident. Then refer to (RR VI-40-41) Mr Hunt asked Quentin do you know what he's talking about on that call? Quentin-yes Hunt-What's he talking about? Quentin-when he took me to the hospital to get a physical so they could press charges. Hunt-Okay. So he (Robert) did that for you? Quentin-yes. Then if you refer to (RR V-174-175) Donita states that Garren rubbed up against him (Quentin) & made gyrations. The mother couldn't come up with any of this unless Quentin told her this.

## II.

The State is now trying to seal the records because they know they are my only way to prove my case. They still haven't learned anything from the Michael Morton case. They continue to try & hide pertinent info to a innocent man. Then if you refer to Rodarte v. Texas Department of Family and Protective Services (2012 TX App LX 4434

Tex Admin Code § 700.203 (B) ?(C) requires the Dep't upon a properly submitted request to provide access to confidential investigation records "to an individual who was alleged or designated by (the Dep't) to be a perpetrator in that investigation, whether or not that individual is a parent of the alleged victim, provided that the records are redacted as described in Sect. 700.204 of this title, So, the D.A.'s office should be held to the same standards. Then in RE Rosali Bonilla 424 sw3d 528 the Applicant was entitled to the records as long he was going to pay for them. The records should've never been redacted in the Finding of Facts & Conclusion of Law because how can the Court come to a fair decision without all the facts before them. Meaning a un-redacted version of the Police Reports.

Wherefore, Applicant pray that the Court denies the State's Motion to Seal

Respectfully Submitted

Robert Brown Pro-SE

Certificate of Service

This is to Certify that on March 4th, 2015, a copy of the foregoing was sent to Lisa David-District Clerk P.O. Box 24 Georgetown Tx 78627 via 1st Class Mail

Robert Brown

3 of 3

Ex Parte      §    In The 277th District

                §    Court of

Robert Brown III      §    Williamson County, Texas

# ADENDUM TO MY OBJECTIONS OF THE STATE'S PROPOSED ORDER

1. The State didn't disclose the Austin Police Dept. report that Quentin made on Garren. Because according to my trial attorney's Pre-trial Notes (Russell Hunt Jr.) It states Austin Police Dept. report (Officer Rhone) Deer Park Middle School = Quentin & 3 boys sexually assaulted @ school, Refer to (Ex.A) So, where is that report, where is the statement that Quentin & 3 other boys made to the principal? The A.D.A subpoena the Custodian of School Records from Deer Park Middle School to appear @ 9 AM with those records on 8-14-06. Well when they didn't show up another one was issued on 8-15-06 & they still didn't show up. The State will not respond to this claim. It is clear that the child lied on the stand. How does his Mom & myself both testify to the same thing. Why would the child claim that I took him to the hospital to be checked out so we could press charges? Why would he testify that I talked to him about good touches & bad touches right after that incident? If you talk to someone about good & bad touches isn't that referring to being touched sexually? All of this is controverted facts that needs to be hashed out @ a "Live" Evidentiary Hearing

2. If you refer to <u>Ellis v Collins</u> 956 F2d 76 & <u>Nethery v Collins</u> it states findings based solely on a paper record are not necessarily entitled to a presumption of correctness. Then in my case the habeas judge was not the trial judge & was not able to compare the affidavits against her own 1st hand knowledge of the trial. There is no way for her to find my trial attorney's affidavit credible. Especially when I refuted his entire affidavit with trial testimony.

3. It states in <u>Ex Parte Robins</u> 360 SW 3d 446,459 Testimony need not be perjured to constitute a due process violation; rather, it is sufficient that the testimony was false. The testimony as a whole gave the jurors a false impression. The child clearly states that I touched him 4-5 days per week @ 5am. However, he also states that I never touched him while his cousin Danny stayed with us for the month of December. Testimony shows that I didn't move in till Dec. 5th & Danny got there on Dec. 9th. Testimony also shows that Quentin states that I didn't touch him for the 1st time when I first moved in but awhile afterwards. So for count one which was December how was I found guilty of offense 21.11. Because if you refer to (CR-83) the jurors sent Judge Anderson a letter about being in disagreement with Quentin's testimony regarding Dec. & Judge Anderson never notified me nor my attorney of this question which was a violation of Art. 36.28. He also never gave the jurors the testimony they requested. Had he given them that testimony then I would've been found not guilty on Count 1. A prima facie showing of actual innocence has been shown for that count. The same thing was stated when his two sister's stayed with us for the month of January. Once again refer to (CR-83) & the jurors where in disagreement for Count 3 which was January. Once again had they recv'd that testimony I would've been found not guilty on Count 3. This issue was brought up in the 1st Application. However, the State refused to answer the claim.

4. I have plead facts & the record clearly backs me up. The State has not quoted from the record not one time. Why is the State trying to seal the police reports after 11yrs. Especially when names & date of birth's were made public @ trial with testimony? Why are they trying to ~~seek~~ send the Court of Criminal Appeals a redacted version. I should be entitled a redacted version since I'm calling the Police Reports in question. I should be provided a copy of the D.A. case file on myself since that is in question also. Why did no one from Austin Police Dept. not testify @ trial when they are the one's that supposedly filed the charges against me? I'm objecting to the Police Reports being sealed. According to Rodarte v Tx Dept. of Family & Protective Services I'm entitled to a redacted version of the CPS report. So, if I'm entitled to that then why can't I get the Police Reports & D.A. Case file's pertaining to my case?

5. The only way for the Court to make a informed ruling on my case is to hold a "Live" Hearing where all envolved parties can provide testimony since the Court & no one from the D.A.'s office was apart of my original trial & Habeas proceedings. Sgt Nusbey's testimony clearly shows that I'm innocent. If not he would've taken my case to a Magistrate & requested a warrant be issued. However, he never did that. I've definately passed the threshhold of a subsequent writ. If not a 2nd O.D. I wouldn't have been ordered. It would've just been denied on the face of the application. The state wouldn't have taken 8 months to respond when the judge gave them only 90days & no extension was ever requested.

Cause No. 05-307-K277B

| | |
|---|---|
| Ex Parte | § In The 277th District |
| | § Court of |
| Robert Brown III | § Williamson County, Texas |

## ADDENDUM TO MY OBJECTIONS

## OF THE STATE'S PROPOSED ORDER

6. The State is trying to "<u>SEAL</u>" the police records after 11yrs. They are claiming T.R.A.P 9.10. This is something that they should've tried to enforce @ the onset of the case. Not when I'm claiming that those same reports have vital info to prove my innocence. The State is giving the trial Court/Habeas Judge a redacted version instead of the original un-redacted version. According to <u>Pennsylvania v Ritchie</u> 107 S.Ct 989 States the Judge should @ the very least hold a in camera review. Also it states that on appeal through his ~~appeal~~ attorney, he is entitled to review the entire D.A. file to search for any useful evidence. So since I'm acting Pro Se I should be entitled to the same thing, or the Judge should appoint me counsel & hold a "Live" Evidentiary Hearing

Since there are so many controverted facts that the State can't refute. I have backed up all my allegations with either the trial record or my trial attorney's pre-trial notes. Not one time has the State quoted from the record to refute any of my claims. Then it states in *Ritchie* that the constitutional infirmity in the trial court's order was that Ritchie was unlawfully denied the opportunity to have the records reviewed by "the eyes [3] the perspective of an advocate," who may see relavance in places that a neutral judge would not. Ibid. (480 US 47) The State has a affidavit from a Open Records Dept clerk in the Williamson County Sheriff's Dep't that claims that Quentin never made a allegation of Indecency of a Child by Contact in the Report on Garren Kuhn with the Sheriff's Dept. But nowhere does she claim that the Austin Police Dept doesn't have that info. Because if you refer to Russell Hunt Jr's (Attorney) pre-trial notes it states the following; Austin Police Dept - 5/20 - Officer Rhone Deer Park Middle School = Quentin [3] 3 boys Sexually assaulted @ school. This is why a live hearing is imperative to have all "4" police reports presented for review. Because

its obvious that the State hasn't learned from the Michael Morton fiasco. They are still trying to hide vital records that would exonerate a innocent man

7. The State claims that they find Mr. Hunt's affidavit to be credible. How can that be when they weren't part of the original trial nor the original habeas proceedings. Then according to Summary judgement-Habeas it states that credibility can't be determined on a affidavit alone. Then refer to Trevino v Thaler. I've refuted my trial attorney's entire affidavit with the trial record. So, how can they find it to be credible?

8. The State is trying to invoke laches. They are trying to state that the witnesses won't be able to remember what happened 11yrs ago. How can they claim that when they don't have any affidavits to back up that claim. Then the State didn't have any problems with the witnesses in the Michael Morton case; getting a conviction on Michael Norwood more than 25yrs after the fact.

9. The State is trying to claim that I should've tried to request the Open Records for the Police Reports prior to 2013. Well I have³ everytime they kept inacting Gov't Code 552.028. Stating that they don't have to respond to a inmates request or a agent acting on his behalf. I have written hundreds of Pro Bono Attorney's to assist me with my case³ to no availe have I found one to take on Williamson County It's quite obvious that what I'm looking for is those police reports because if not the State would've turned them over to me or given the Court a un-redacted version, of all "4" police reports. They are trying to claim sensitive data. Nothing is sensitive to me because Donita Bell was my fiancé, Quentin Monroe Austin Jr-Step-son, Shirley Williams-My Mother in Law, Plus date of birth is actually listed in the trial records. Then if you refer to Rodarte v Texas Dep't of Family³ Protective Services (2012 Tx App LX 4434) it states that I'm entitled to all CPS records. Then if you refer to Austin Chronicle v City of Austin (2009 Tx App LX 1398) it states that they were entitled to the police departments investigation report into sexual assault of a child case

Stating that since people testified; it was a public trial that nothing was confidential.

10. The State claims that my 11.07 application is procedurally barred because it doesn't fall within the exceptions defined by statue. See Tx. Code Crim. Proc. Art. 11.07 §4(A)(2). Well 11.07 §4 states an applicant will usually get only one bite @ the habeas-Corpus apple because Section 4 of art. 11.07 precludes a court from "Considering" the merits of or granting relief based on a subsequent application unless the application contains sufficient specific facts establishing one of the two limited exceptions to the one-bite rule. So, its obvious when Judge Mathews did a Order for Designating Issues on 6-30-14 that I did in fact meet atleast one of two exceptions to the one-bite rule. So, the State can't come back now 8 months later; State I don't meet the requirements. That should've been stated when I filed the initial application in May 2014.

11. I proved from the trial record that my Atty Russell Hunt Jr was ineffective; that his affidavit was false/perjured. The State can't refute any of those claims.

12. The Applicant has made a prima facie claim of actual innocence for sure on counts one & two. By Quentin stating that "NO" touching occurred while his cousin Danny stayed with us for the month of Dec. Count One was for the month of Dec. The State didn't prove their case beyond a reasonable doubt for that count. Then he stated the same thing when his two sisters stayed with us for the month of January, which was Count two. So, the State didn't prove their case beyond a reasonable doubt for that count either. That is why if you refer to (CR-83) the Jurors requested testimony to be read back to them & Judge Anderson withheld that pertinent testimony from them just like he did in the Michael Morton Case. Because he knew that testimony @ the very least would find me not guilty on counts one & two if not on all six counts. My atty nor myself were ever notified about this second question

Wherefore, Applicant prays that the Court grants my 11.07 Application or @ the very least orders a "Live" Evidentiary hearing to resolve all these controverted issues

Respectfully Submitted

Robert Brown - Pro Se

March 6th, 2015

12. Cont. Another piece to Count 1³2. If you refer to (RR V-270) the prosecutor Starnes ask Quentin the following questions:

S- The 1st time the touching happened there @ your house, was this right after he (Robert) Moved in?
Q- NO
S- Was it a little while after he moved in?
Q- Yes
S- But do you remember if it was before or after X-Mas?
Q- Before
S- Before X-Mas but after he moved in?
Q- Yes

So, that testimony right there plus the previous testimony to that this testimony here was false just like in Ex Parte Ghahremani³ Ex Parte Chabot. Because testimony shows that I moved in on Dec. 5th ³ the cousin Danny arrived on Dec. 9th, Then he also States that it happens 4-5 times per week. Question would be is, why his grandmother who by his testimony was awake³ in the small 10x12 room that they shared together during the alleged touching didn't hear or see any of the alleged touching that was going on 4-5 days per week for Six months if the accusation was true, Why did the police "NEVER" interview her or why she didn't testify for the State on her grandson's behalf if the accusation was true?